[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The petitioner brings this petition for a writ of habeas corpus alleging that his criminal trial attorneys, Frank Mandanici and Thomas Ullman, were ineffective in assisting him in that they (1) failed to properly explain the consequences of waiving his rights to a probable cause hearing; (2) failed to properly investigate the facts and interview witnesses; (3) failed to effectively cross-examine Priscilla Knox, a material eyewitness; and (4) failed to request two jurors, Toma Damato and Ms. Hartsoe, be removed from the panel for discussing the case in direct violation of the court's order.
The petitioner's arrest and conviction of the crimes of murder and carrying a pistol without a permit resulted from the death of his ex-wife whose death was caused by gunshot wounds to the back of her head on January 16, 1993 at approximately 10:30 p. m. on Shetman Avenue, New Haven, the street on which her home was located. Two of the three witnesses to the shooting made both out-of-court and in-court identifications of the petitioner as the perpetrator.
The petitioner called two witnesses, himself and Attorney Ullman. Ullman testified that he represented the petitioner along with Attorney Mandanici at his criminal trial. They elected to present a defense of Extreme Emotional Disturbance. They also elected to waive the hearing in probable cause to avoid giving the state transcripts of witnesses which could be used at trial. Because of the state's full disclosure of its evidence it didn't appear practical for the defendant to insist on the hearing. He found no conflict with Washington and Green with the petitioner. He recalled the court questioning juror Toma Damato about possible discussion of the case with another which did not result in his disqualification.
The petitioner testified that Mr. Mandanici did not give reasons for waiving the hearing in probable cause. He also felt CT Page 2576 Priscilla Knox was the worst witness and was dissatisfied with Ullman's cross-examination of her.
A successful petitioner must show that there is reasonable probability that but for counsel's unprofessional errors, the result of the proceedings would have been different. Copas v.Commissioner, 234 Conn. 139 (1995); Strickland v. Washington,466 U.S. 668, 694. The petitioner has failed to prove how the result would be different. He has also failed to prove Counsel's representation fell below an objective standard of reasonableness. Aillon v. Meachum, 211 Conn. 352, 359. No grounds were produced to have the juror, Toma Damato, excused. Nor did the petitioner prove how Priscilla Knox might be better cross-examined. The strategy of waiving the hearing in probable cause was obvious since the defense was relying on the defense of extreme emotional disturbance which would not seek to negate intent and therefore would be barred from use in the hearing of probable cause. State v. Burcos, 37 Conn. App. 404, 422, cert. denied, 233 Conn. 915.
For the above reasons the petition is denied.
 Thomas H. Corrigan Judge Trial Referee.